## THE WINNIPEG.
### No. 21045.

District Court, N. D. California, S. D.
Oct. 31, 1933.

Sawyer & Cluff, of San Francisco, Cal., for libelants.

Lillick, Olson & Graham, of San Francisco, Cal., for respondents and claimant.

KERRIGAN, District Judge.

The libelant Marie Louise Armstrong was a passenger on respondent's vessel the Winnipeg on March 16, 1932. While playing cards with three companions on the promenade deck at about 10:30 o'clock that evening, she was thrown from her chair and received certain alleged injuries for which she claims damages in this action. That evening the weather was heavy and the sea rough; this condition having prevailed for some considerable length of time before the accident. A sudden roll or lurch of the vessel precipitated the libelant from her chair; it was the only large single roll in the course of the evening. The chair upon which libelant was sitting at the time of the injury was of light wicker, but of the usual deck type.

At the time of the accident card tables and chairs which were fastened to the floor were available in the smoking room and lounge. There was no equipment for fastening chairs and tables on the promenade deck. The libelant and her companions were accustomed to playing cards on the promenade deck, and they appear to have insisted in doing so on this occasion, although advised that it would be better to use one of the rooms properly equipped for the purpose. The libelant was a woman of intelligence, an experienced ocean traveler. She knew as well as those in charge of the ship that the vessel might lurch and roll in the prevailing weather with the possibility of accident. If the ship had been making her way through a severe storm, the duty of the officers would have been entirely different. Under these circumstances, there was no duty imposed on the respondent to warn her of what at most was a remote or possible danger, of which she was as much aware as they. Certain it is that the conditions of the sea were not such

as to require any particular order or warning for the safety of the passengers.

The evidence fails to disclose that the vessel was unseaworthy or that the respondents were guilty of any negligence contributing to libelant's injury, and I accordingly find that the vessel was seaworthy and respondents were not guilty of any negligence as to libelant.

I adopt this opinion as my findings of fact and conclusions of law. Parker v. St. Sure (C. C. A.) 53 F.(2d) 706.

Let a decree be entered for respondents, with costs.